FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jun 29, 2026

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROBERT PATRICK HANRAHAN, and RIGOBERTO ESCOBEDO-GONZALES,<br><br>Defendants. | No. 1:24-CR-02027-SAB-1<br>1:24-CR-02027-SAB-2<br><br><br>**ORDER DENYING MOTIONS TO DISMISS COUNT 1** |

Before the Court are Defendant Robert Hanrahan's Moton to Dismiss Count 1 of the Superseding Indictment, ECF No. 1446, and Defendant's Rigoberto Escobedo-Gonzales' Motion to Dismiss Continuing Criminal Enterprise (CCE) Count, ECF No. 1448. Defendant Hanrahan is represented by Lisa Ludwig and Jennifer Defendant Escobedo-Gonzales is represented by Andrew Wagley. The United States is represented by Caitlin Baunsgard and Benjamin Seal. A hearing on the motion was held on June 17, 2026 by videoconference.

Defendants ask the Court to dismiss Count 1 of the Superseding Indictment, which charges them with engaging in a Continuing Criminal Enterprise because it does not provide a plain, concise, and definite written statement of the essential facts constituting the offenses charged.

**ORDER DENYING MOTIONS TO DISMISS COUNT 1 ~ 1**

Count 1 of the Superseding Indictment alleges:

Beginning on a date unknown, but by no later than the year 2023, the exact date being unknown to the Grand Jury, and continuously thereafter through and including September 19, 2024, within the Eastern District of Washington and elsewhere, the Defendants, ROBERT PATRICK HANRAHAN (a/k/a "Bubba"), RIGOBERTO ESCOBEDO GONZALEZ (a/k/a "Crazy Thugg"), TRAVIS MICHAEL MCGUIRE (a/k/a "Slim"), and JOSE ALFREDO CHAVEZ ARREDONDO (a/k/a "Cuyi"), did unlawfully, knowingly, and intentionally engage in a continuing criminal enterprise in that the Defendants unlawfully, knowingly, and intentionally violated, 21 U.S.C. §§ 841(a)(1), 843(b), 846, which violations include but are not limited to Conspiracy to Distribute a Controlled Substance, Unlawful Use of a Communication Facility, Distribution of a Controlled Substance, Possession with Intent to Distribute a Controlled Substance, Attempted Possession with Intent to Distribute a Controlled Substance, such as the substantive violations alleged in Counts 3-10, 12-17, 23-25, 29-31, 36-37, 43-44, 47, 50, 53, and 54, which Counts and overt acts are realleged and incorporated herein by reference as though fully set forth in this Count, and which violations were part of a continuing series of violations of the Controlled Substances Act, 21 U.S.C. § 801 et seq., undertaken by the Defendants, in concert with at least five other persons with respect to whom Defendants, ROBERT PATRICK HANRAHAN (a/k/a "Bubba"), RIGOBERTO ESCOBEDO GONZALEZ (a/k/a "Crazy Thugg"), TRAVIS MICHAEL MCGUIRE (a/k/a "Slim"), and JOSE ALFREDO CHAVEZ ARREDONDO (a/k/a "Cuyi"), occupied positions of organizer, supervisor, and any other position of management, and from which such continuing series of violations the Defendants obtained substantial income and resources; all in violation of 21 U.S.C. § 848(a), (c).

ECF No. 556.

Defendants point out that Count 1 of the Superseding Indictment does not itself identify which three predicate acts the Government relies on as elements of the Continuing Criminal Enterprise. Instead, it incorporates the acts of others without any reference to criminal conduct by Defendant Hanrahan or Defendant Escobedo-Gonzales.

//

**ORDER DENYING MOTIONS TO DISMISS COUNT 1 ~ 2**

**Legal Framework**

The Fifth Amendment provides in pertinent part that "[n]o person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces." U.S. Const. Amend. V. There are two constitutional requirements for an indictment: (1) it must contain the elements of the offense charged and fairly inform a defendant of the charge against which they must defend, and (2) it must enable a defendant to plead an acquittal or conviction in bar of future prosecutions for the same offense. *United States v. Resendiz-Ponce*, 549 U.S. 102, 108 (2007).

21 U.S.C. § 848(a), known as the federal "drug king pin" statute, forbids any "person" from engaging in a continuing criminal enterprise. To adequately charge a continuing criminal enterprise (CCE) and survive a motion to dismiss, the government must allege facts sufficient to establish five essential elements: (1) the defendant's conduct constituted a felony violation of federal narcotics law; (2) the violation was part of a continuing series of violations (3 or more federal narcotics violations); (3) the defendant undertook the activity in concert with five or more persons; (4) the defendant acted as organizer, supervisor, or manager of the enterprise; and (5) and the defendant obtained substantial income or resources from the enterprise. *United States v. Sterling*, 742 F.2d 521, 525 (9th Cir. 1984). The indictment need not specifically list each predicate violation but must provide sufficient detail to avoid surprise or prejudice to the defendant. *Id.* The government must prove the defendant committed at least three felony drug offenses to satisfy the "continuing series of violation" requirement. *United States v. Garcia*, 988 F.2d 965 (1993).

Additionally, "[t]he defendant's relationships with the other persons need not have existed at the same time, the five persons involved need not have acted in concert at the same time or with each other, and the same type of relationship need not exist between the defendant and each of the give." *United States v. Apodaca*,

**ORDER DENYING MOTIONS TO DISMISS COUNT 1 ~ 3**

843 F.2d 421, 426 (10th Cir. 1988) (citations omitted). [T]he defendant need not have had personal contact with each of the five persons involved." *Id.* (citations omitted). Nor must each transaction with or instruction to those persons organized or managed specifically originate with the defendant." *Id.* (citation omitted). "The mere delegation of managerial and supervisory duties will not defeat an individual's ultimate status as organizer, supervisor, or manager." *Id.* (citations omitted).

**Analysis**

Here, the Court finds the Superseding Indictment adequately alleges a continuing criminal enterprise. The Superseding Indictment largely followed the statutory language. *See United States v. Zavala*, 839 F.2d 523, 236 (9th Cir. 1988) (noting that indictments that follow statutory language are generally sufficient if the statute if the statute sets forth the elements of the crime.) By identifying and providing the additional counts in the Superseding Indictment, the Superseding Indictment provides the underlying substantive criminal statute prohibiting drug transactions, the controlled substance that is involved, the specific persons who committed the drug offense, and the approximate dates. The fact that the Superseding Indictment identifies 28 counts does not change the analysis. Defendants have adequate notice of the charge against which they must defend, and the Superseding Indictment contains sufficient information that would them to plead an acquittal or conviction in bar of future prosecutions for the same offense.

Although the Court captioned its Order as granting Defendant Hanrahan's Motion for a Bill of Particulars, the Court used that nomenclature to clear the pending motion off the docket. *See* ECF No 1290. In his reply to his motion, Defendant Hanrahan indicated that since the United States agreed to provide a summary, the only issue remaining was setting the deadline for the United States to file the summaries. No other co-Defendants objected to the United States providing the summaries in lieu of a bill of particulars. Notably, in its Order, the Court did

**ORDER DENYING MOTIONS TO DISMISS COUNT 1 ~ 4**

not address the legal standard for granting a bill of particulars, and there was no analysis as to whether a bill of particulars was appropriate. The Court rejects Defendant Escobedo-Gonzales' argument that the United States is limited to the information that was provided in the ROI 168.

Accordingly, **IT IS HEREBY ORDERED:**

1. Defendant Hanrahan's Motion to Dismiss Count 1 of the Superseding Indictment, ECF No. 1456, is **DENIED**.

2. Defendant Rigoberto Escobedo-Gonzales' Motion to Dismiss Continuing Criminal Enterprise (CCE) Count, ECF No. 1448, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 29th day of June 2026.



Stan Bastian
Chief United States District Judge

**ORDER DENYING MOTIONS TO DISMISS COUNT 1 ~ 5**